[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Ryan Tyma for plaintiff.
Conn. Freedom of Information Commission for defendant.
Plaintiff Town of Hamden appeals a decision of the defendant Freedom of Information Commission ordering the disclosure of certain documents to Louis Affinito, who had filed a complaint against the town with the commission concerning the documents. The commission acted pursuant to the provisions of the Freedom of Information Act and General Statutes § 1-82a. The town's appeal is authorized by § 4-183. The court finds the issues in favor of the defendant commission.
The essential facts are not in dispute and are fully reflected in the record. The town has a board of ethics, established in accordance with the provisions of General Statutes § 7-148h. This statute requires a municipality to follow the provisions of § 1-82a
of the state Code of Ethics for Public Officials in processing complaints CT Page 7964 of ethical violations.
The town's board of ethics conducted an investigation of Louis Affinito, apparently on its own initiative. In June 1992, the board made a finding of probable cause to believe that Affinito and others had violated either the town charter or its code of ethics.
After being notified of the board's finding, Affinito requested copies of the documents that the board had in connection with its investigation of him. The board provided some documents, but it refused to provide all that it had. Specifically, it denied him access to a group of documents labeled "Attachments." Affinito thereupon filed a complaint with the commission.
At the hearing before the commission, the town submitted the documents in dispute, the "Attachments," for an in camera
review. Following the hearing and after consideration of a proposed decision in accordance with § 4-179, the commission rendered its final decision. In its decision, the commission found that the "Attachments" documents were part of the records of the town's investigation of Affinito and, therefore, required to be disclosed under § 1-82a(e). It is that decision that is the subject of the town's appeal to this court.
General Statutes § 1-82a provides that complaints to the board of ethics and the board's investigations of such complaints remain confidential unless and until the board makes a finding of probable cause. Subsection (e) of § 1-82a provides, in relevant part, that when the board does make a finding of probable cause, as it did in this case, "the entire record of the investigation shall become public."
The town does not dispute that the in camera documents were collected during the course of and as part of its investigation of Affinito. Rather, it argues that the term in the statute, "the entire record of the investigation," refers only to documents that were presented at the meeting of the board when it considered and voted on the issue of probable cause. The town claims that other documents that it may have collected during the course of its investigation of Affinito, such as the "Attachments," are not part of "the entire record of the investigation" and are not, therefore, subject to disclosure to the public under § 1-82a(e).
In support of its argument, the board claims that the legislative history of the statute indicates that the legislature intended only a CT Page 7965 limited disclosure of the board's investigation, even after a finding of probable cause. This argument may not be sustained.
"[C]ourts must construe statutory provisions as they are written."Zachs v. Groppo, 207 Conn. 683, 690 (1988). They should not construe a statute whose meaning is plain and unambiguous.Wright v. Commissioner of Correction, 216 Conn. 220, 225
(1990).
The provision in § 1-82a(e) that is in question is absolutely plain and absolutely unambiguous. Once a board of ethics has made a finding of probable cause to believe that a public official has committed an ethical violation, the board must disclose the entire record of its investigation of the case. That is the plain meaning of the statute. There is nothing in the statutory language that even remotely suggests that the board may limit disclosure to just the parts of the record it may have selected to present for consideration at the meeting called to determine probable cause.
Since the statutory language is clear and unambiguous, resort to its legislative history is inappropriate. The court has, however, examined the legislative history cited by the town. It does not support the town's position. The excerpts quoted by the town in its brief refer to the situation where probable cause has not been found, a circumstance totally and systemically different from that present in the case at bar.
The town also argues that the term "record" as used in § 1-82a(e) has a restricted meaning, but the town does not make clear in its brief exactly how it would define it. The town argues that if "it had been the legislature's intent to make the entire investigation public, the statute would have been written `the entire investigation shall become public.'" That was, of course, the legislature's precise intent, but it chose to express it less awkwardly than the town suggests it should have done. An "investigation" is not something that can be seen or felt or heard. It is a process, intangible, that cannot itself "become public." The fruits of an investigation — such as documents, reports, tape recordings, transcripts, and other evidence — are, by contrast, susceptible to examination. They constitute the record of an investigation and may "become public." The language of the statute in question clearly expresses a legislative intent that a board of ethics must open its entire investigative file to the public once it has made a finding of probable cause. There is no merit to the town's argument that the statutory language is not clear in this regard. CT Page 7966
As noted, the commission interpreted § 1-82a(e) to require the disclosure of all documents in the town's file on the Affinito investigation, and the court agrees with this interpretation. It is in general accord with the provisions of the Freedom of Information Act. General Statutes § 1-19(a) provides, in relevant part, "[e]xcept as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records. . . ." Section1-19b(a) underscores this broad mandate by requiring that § 1-19
be "[c]onstrued as requiring each public agency to open its records concerning the administration of such agency to public inspection." There is an "`overarching policy' underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records. . . . Our construction of the FOIA must be guided by the policy favoring disclosure, and exceptions to disclosure must be narrowly construed." (Citations and internal quotation marks omitted). Superintendent of Police v. Freedom of InformationCommission, 222 Conn. 621, 626 (1992).
The plaintiff town argues that the commission's interpretation of § 1-82a(e) is entitled to no special deference from the court because the commission has no responsibility for enforcing that statute. Although the court agrees with the commission's interpretation of the statute, the court's conclusion in that regard is not based solely on deference to the commission's view but rather on its independent analysis as set forth above. Nevertheless, the town's contention must be addressed.
Although the commission is not charged with the enforcement of codes of ethics for state or municipal employees, it does have undisputed responsibility for enforcing statutes providing for the disclosure of public records. In this case, therefore, the court must give substantial deference to the commission's interpretation of § 1-82a(e) in the context of the provisions of the Freedom of Information Act, which generally favor full disclosure of public records.
For all of the reasons set forth above, the court concludes that the commission was correct in its conclusion that the provisions of § 1-82a(e) require that all of the documents and other records compiled or otherwise obtained by the town's board of ethics and/or its investigators during the course of its investigation of CT Page 7967 Affinito be disclosed to Affinito and other members of the public on request.
The appeal is dismissed.
Maloney, Judge.